UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES CLARK CATHEY,

          Plaintiff,

vs.

COMMISSIONER OF SOCIAL
SECURITY,

          Defendant.
_____/

Case No. 14-CV-10986
HON. GEORGE CARAM STEEH
MAG. JUDGE R. STEVEN WHALEN

ORDER ACCEPTING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION [DOC. 19]

      This matter is before the court on the parties' cross-motions for summary judgment as to plaintiff James Cathey's claim for judicial review of defendant Commissioner of Social Security's decision that he is not entitled to Disability Insurance Benefits ("DIB") and the partial denial of his application for Supplemental Security Income ("SSI") prior to April 5, 2012, the date that plaintiff was injured when he jumped from a non-moving burning car. On February 20, 2015, Magistrate Judge Whalen issued a report and recommendation recommending that plaintiff's motion for summary judgment be denied, and that defendant's motion for summary judgment be granted.

      The court has reviewed the file, record, and magistrate judge's report and recommendation. Plaintiff has filed objections to that report (Doc. 20) which this court has considered. In his objections, plaintiff complains that the administrative law judge ("ALJ") (1) failed to consider that he was unable to afford an MRI or other objective testing prior to April, 2012, and (2) failed to review the pre- and post-April 2012 records

alongside each other, but erroneously considered the evidence in isolation. For the reasons set forth below, this court shall overrule plaintiff's objections and accept and adopt the magistrate judge's report.

The facts of this case are set forth in the magistrate judge's report and recommendation and upon review of the record, the court accepts the recitation of the facts set forth there as the factual findings of this court.

## STANDARD OF LAW

"A judge of the court shall make a *de novo* determination of those portions of a report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.* A district court may affirm, modify, or reverse the Commissioner's decision, with or without remand. *See* 42 U.S.C. § 405(g). Findings of fact by the Commissioner are conclusive if supported by substantial evidence. *Id.* The court must affirm the decision if it is "based on [an appropriate] legal standard and is supported by substantial evidence in the record as a whole." *Studaway v. Secretary of Health & Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citations omitted); *see also Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted) (explaining that if the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter

differently and even if substantial evidence also supports the opposite conclusion"); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir.1986) (en banc) (noting that the substantial evidence standard "presupposes ... a zone of choice within which the decisionmakers can go either way, without interference by the courts" (internal quotation marks and citations omitted)).

## ANALYSIS

1.  <u>Whether the ALJ erred by failing to consider plaintiff's inability to afford an MRI</u>

Plaintiff argues the ALJ erred by failing to consider his inability to afford an MRI or other objective testing prior to April, 2012. In his motion for summary judgment, plaintiff argued that he injured his knee in a grocery store parking lot in December, 2009, for which he sought care with his primary care physician Dr. Allan Birk, who recommended that he seek emergency room treatment. Plaintiff claims he did not do so immediately as he could not afford such treatment, but did seek care at the emergency room on April 15, 2010 when his condition worsened. The record is clear that the ALJ elicited plaintiff's testimony that he was unable to afford the recommended MRI or to otherwise seek specialized orthopedic care.

When plaintiff presented to the emergency room in April, 2010, he was treated only with an ace bandage, unlike his emergency room visit in April, 2012, when he was treated with a brace and crutches. The ALJ relied on treating records from plaintiff's April, 2010 trip to the emergency room as noting that plaintiff was ambulating without gait disturbance, as well as intact muscle strength, reflexes, and sensation. The ALJ also considered the notes of plaintiff's treating physician Dr. Birk from December, 2009 to November 3, 2010, which indicated that plaintiff had intact motor strength, sensation,

and deep tendon reflexes and normal gait. Treating records from September and December, 2011, and March, 2012, also state that plaintiff exhibited a normal gait. The ALJ also considered plaintiff's testimony as to the intensity, persistence, and limiting effects of his symptoms and found that they were not entirely credible prior to April, 2012. Plaintiff argues that his April, 2012 testing suggested a degenerative condition, not a new injury, but the treating notes from his April, 2012 emergency room visit note that plaintiff's pain was trauma related. Given the medical evidence of record, the ALJ acted within the zone of choice when he determined that plaintiff was not disabled prior to April, 2012, and his decision was not based on a lack of medical evidence which could be explained by plaintiff's uninsured status.

2. <u>Whether the ALJ erred by failing to consider the pre- and post-April 2012 records "alongside" each other</u>

Plaintiff argues that the ALJ erred by failing to consider medical evidence following the April 5, 2012 incident, in which plaintiff was injured fleeing from a burning vehicle, to support his claims of a disability prior to that date. Specifically, plaintiff claims that x-rays taken in April, 2012 and an MRI taken in June, 2012 indicated that plaintiff's knee problems were the cause of a degenerative condition which developed over time, and were not entirely attributable to his April, 2012 injury. While the evidence of record suggests that plaintiff had some level of limitation as to knee problems prior to the April 5, 2012 incident, limitations that may indeed be supported by the 2012 MRI and x-rays, the record does not indicate that the condition was totally disabling prior to that time. Accordingly, a remand or reversal of the ALJ is not warranted.

CONCLUSION

IT IS ORDERED that the court ACCEPTS and ADOPTS the magistrate judge's report and recommendation (Doc. 19).

IT IS FURTHER ORDERED that the Commissioner's motion for summary judgment (Doc. 18) is GRANTED, plaintiff's motion for summary judgment (Doc. 15) is DENIED, plaintiff's objections (Doc. 16) are OVERRULED, and plaintiff's claim is DISMISSED with prejudice.

Dated:  March 11, 2015

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 11, 2015, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---